UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHAK, INC., d/b/a JORDAN VALLEY MARKET; and IYAS FARES, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | Case No. 4:14CV01742 AGF |
| UNITED STATES OF AMERICA, on behalf of its agency, UNITED STATES DEPARTMENT OF AGRICULTURE, | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff in this action seeks judicial review of the decision of the United States Department of Agriculture Food and Nutrition Service ("FNS") to permanently disqualify Plaintiffs, a grocery store and its owner, from participating in the Supplemental Nutrition Assistance Program ("SNAP"). The matter is now before the Court on Defendant's motion to dismiss for lack of jurisdiction. Defendant filed its motion on December 19, 2014. Plaintiffs did not respond to the motion, and the time to do so has expired. For the reasons set forth below, the motion shall be granted.

**BACKGROUND**

The record establishes the following. On August 2, 2013, Plaintiffs submitted an application to the FNS to become an authorized SNAP retailer. By letter dated April 18, 2014, FNS informed Plaintiffs that its investigation uncovered that false information had

1

been provided in the application, concerning ownership of the store, and that the sanction for this was permanent disqualification from SNAP.  The letter noted that Plaintiffs had 10 days to respond to the charges.  (Doc. No. 1-4.)  On May 12, 2014, Plaintiffs mailed and faxed a letter to FNS asserting that Plaintiffs had been "completely forthcoming in the information provided to the USDA as part of the application process," and that the evidence, including the affidavit of the individual Plaintiff, demonstrates that there has been no violation of the SNAP regulations and that "all allegations contained in the [April 18, 2014] Charging letter should be dismissed, [and] that the investigation be closed." (Doc. No. 1-5.)

On June 17, 2014, FNS issued a determination letter, permanently disqualifying Plaintiffs from participating in SNAP for providing false information.  (Doc, No. 1-6.) On June 23, 2014, Plaintiffs, through counsel, submitted a request for additional time, to July 3, 2014, to submit a written request for review of the Agency decision.  (Doc. No. 1-7.)  FNS responded by letter dated July 1, 2014, acknowledging the request for administrative review, and stating as follows:

> If there is any additional information you may wish to provide in support of your position in this matter, or if your request for administrative review did not include any information showing the grounds on which the review is being sought, you must forward such information to my attention at the address provided in the left margin of this letter within three weeks of the date you receive this correspondence.  Please be advised that if there is no information in support of your position, a review cannot be conducted, and, as provided in 7 C.F.R. § 279.4(b), the adverse action of the FNS office shall be final.

No additional information was received, and on August 4, 2014, FNS issued a letter rendering the June 17, 2014, determination letter as the Agency's final decision.  (Doc.

No. 1-8). Defendant has submitted UPS records that show that the August 4, 2014 letter was delivered to Plaintiffs and to Plaintiffs' counsel on August 7, 2014. (Doc. No. 4-2.) The instant action was filed October 14, 2014. The complaint makes no mention of the requirement that a complaint seeking judicial review of a final FNS decision must be filed within 30 days of receipt of the final decision. 7 U.S.C. § 2023(a)(13); 7 C.F.R. § 279.7(a).

## DISCUSSION

Because Plaintiffs received the final FNS decision on August 7, 2014, their complaint was due September 6, 2014, and was a full 30 days late. The vast majority of courts, including at least one in this Circuit, have found that 7 U.S.C. § 2023(a) is a jurisdictional provision constituting a limited waiver of sovereign immunity and is not subject to tolling. *See, e.g., Gonzalez v. U.S. Dep't of Agric*, No. 12 Civ. 7932 (RA), 2013 WL 4452842, at *2-3 (S.D.N.Y. Aug. 16, 2013); *Gonzalez v. United States*, 675 F. Supp. 2d 260, 264-65 (D.R.I. 2009); *United States v. Lancman*, No. Civ. 4-95-880 JRT/RLE, 1998 WL 315346, at *5–6 (D. Minn. Jan. 20, 1998).

Here, as noted above, Plaintiffs have not responded to Defendant's motion to dismiss. Thus, even if the 30-day period was subject to tolling, no grounds for doing so have been shown.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss for lack of jurisdiction is **GRANTED**. (Doc. No. 4).

A separate Order of Dismissal shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2015.